NORTHERN CALIFORNIA NEWSPAPER GUILD LOCAL 52,
Plaintiff–Appellee,

v.

The SACRAMENTO UNION,
Defendant–Appellant.

No. 87–2243.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1988.

Decided Sept. 9, 1988.

**1382**

Mark H. Van Brussel, Wilke, Fleury, Hoffelt, Gould & Birney, Sacramento, Cal., for defendant-appellant.

Neil Bodine, Beeson, Tayer, Silbert & Bodine, Sacramento, Cal., for plaintiff-appellee.

Before KOELSCH, and LEAVY, Circuit Judges, and REA *, District Judge.

KOELSCH, Circuit Judge:

The Sacramento Union ("Employer") appeals the district court's order granting summary judgment in favor of the Northern California Newspaper Guild Local 52 ("Union") and compelling Employer to arbitrate the issue of the collective bargaining agreement's termination. We reverse and remand.

## FACTS AND PROCEEDINGS

Employer refused to process Union's grievance that Employer's unilateral imple-

mentation of its last and best offer violated Article XV, Section 2 of their collective bargaining agreement ("Agreement"). It did so on alternative grounds: first, that the Agreement had expired; and second, that the dispute was not arbitrable. Article XV, Section 2 provides:

> 2. At any time within sixty (60) days immediately prior to the termination of this agreement, the Publisher (Employer) or the Guild (Union) may initiate negotiations for a new agreement, to take effect at the expiration of the present agreement. The terms and conditions of this agreement shall remain in effect during such negotiations.

The Agreement's arbitration clause, Article XII, Section 3, provides grievance and arbitration procedures for "[a]ll disputes and disagreements arising from application of this agreement, except renewal of this agreement...."

The district court passed only upon Employer's second contention. We are satisfied that if the Agreement was in effect, the district court's application of the "positive assurance" test, see *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), and its resulting determination that the parties' dispute over the interpretation and application of Article XV, Section 2 was arbitrable were correct. What primarily concerns us, however, is the district court's failure to resolve first the threshold determination whether the Agreement, and hence the duty to arbitrate, was in effect at the time the parties' dispute arose.

## DISCUSSION

This appeal presents the same question raised in our recent decision in *Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 v. Interstate Distributor Co.*, 832 F.2d 507 (9th Cir.1987)(Local No. 70), to wit: "who decides whether the agreement actually expired or was termi-

* The Honorable William J. Rea, United States District Judge, for the Central District of Califor-

nia, sitting by designation.

nated the court or an arbitrator? " *Id.* at 508. The answer, we said, lies in the language of the collective bargaining agreement's arbitration clause. If the agreement "clearly and unmistakably" provides that the arbitrator is empowered to decide the type of dispute involved, then the exception to the general rule that courts decide the issue of the contract's termination applies. *Id.* at 511. *See John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 546–47, 84 S.Ct. 909, 912–13, 11 L.Ed.2d 898 (1964); *Cal. Trucking Assoc. v. Bhd. of Teamsters & Auto Truck Drivers, Local No. 70,* 679 F.2d 1275, 1281 n. 5 (9th Cir. 1981), *cert. denied,* 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *Int'l Bhd. of Elec. Workers, Local 1228, AFL–CIO v. Freedom WLNE–TV, Inc.,* 760 F.2d 8, 10 (1st Cir.1985); *Purex Corp. v. Automotive, Petroleum and Allied Indus. Employees Union, Local 618,* 705 F.2d 274, 277 (8th Cir.1983); *Rochdale Village, Inc. v. Public Serv. Employees Union, Local No. 80,* 605 F.2d 1290, 1295 (2d Cir.1979); *Int'l Union, United Auto., Aerospace and Agricultural Implement Workers of America, U.A.W., and Local 125 v. Int'l Tel. and Tel. Corp., Thermotech Div.,* 508 F.2d 1309, 1313 (8th Cir.1975); *Local Union No. 998, Int'l Union, United Auto., Aircraft and Agricultural Implement Workers of America, AFL–CIO v. B. & T. Metals Co.,* 315 F.2d 432, 436 (6th Cir.1963); *see also Corallo v. Merrick Cent. Carburetor, Inc.,* 733 F.2d 248, 253 (2nd Cir.1984)(summary judgment improper because fact issue whether contract had been terminated was for court to decide).

As a practical matter, we noted in *Local No. 70* that "[w]hen the collective bargaining agreement contains a broad arbitration clause, the question whether a particular act or failure to act effectively serves to terminate the agreement is to be resolved by an arbitrator." 832 F.2d at 511. This case presents the unusual case where our prophecy in *Local No. 70* is not borne out.

The arbitration clause in the Agreement at hand is broad but it is not unlimited; it is not as broad as the clause involved in *Local No. 70.* The clause in that case provided that " '[a]ny grievance or contro-

versy affecting the mutual relations of the Employer and the Union' was to be resolved by an arbitrator." 832 F.2d at 508. This Agreement's arbitration clause, by contrast, limited arbitrable disputes to those involving "application of" the Agreement. We believe, as did the First Circuit when construing a similar clause, that "this arbitration clause reflects the parties' agreement to arbitrate any dispute involving construction of the substantive provisions of the contract." *Int'l. Bhd. of Elec. Workers, Local 1228, AFL–CIO,* 760 F.2d at 11.

A

The parties' primary dispute over the Agreement's termination is not over the application of any terms of the Agreement and thus is not arbitrable. Employer and Union simply disagree whether negotiations for a successor agreement continued through August 4 when Employer unilaterally implemented its last and final offer. There is no question that if negotiations ceased some ten days earlier, as Employer claims, that the Agreement expired as of that earlier date. Rather, this dispute is purely factual; its resolution does not require the interpretation or construction, i.e. "application", of any substantive provisions of the Agreement.

The result here is different from that reached in *Local No. 70* for the very simple reason that this dispute falls outside the scope of the otherwise "broad" arbitration clause by virtue of the clause's inherent limitation to disputes arising from application of the Agreement. Although over the Agreement's termination, this particular dispute does not arise from application of the Agreement.

*Rochdale,* a case we cited in *Local No. 70,* also involved the situation where the parties' dispute over a contract's termination was held not to be arbitrable despite a seemingly broad arbitration clause. 605 F.2d at 1296. The clause there provided for arbitration of " 'any and all disputes hereunder.' " 605 F.2d at 1296. "Hereunder", the Second Circuit found, limited the

**1384**

parties' duty to arbitrate: only those disputes arising "under" the agreement were to be arbitrated; those collateral to it were not. *Id.* The court held that the parties' dispute as to whether termination had occurred by reason of the parties' separate agreement was a matter for the court to decide because resolution of it turned on facts "collateral" to the contract.

Thus, as this case and *Rochdale* make clear, it is not only the language of the arbitration clause but also the nature of the dispute over the contract's termination that determines whether the particular dispute is arbitrable. This point is well illustrated by our analysis in Part B below.

### B

 Employer also argues that the duty to arbitrate did not survive its declaration of impasse because the Agreement does not contain an interest arbitration clause[1]. The Union concedes that the Agreement has no such clause. But whether Article XV, Section 2 may be interpreted to require the continuation of the Agreement's terms and conditions only during negotiations on major, mandatory issues of bargaining is not for the court to decide. The answer lies in the proper interpretation of Article XV, Section 2 and, according to this broad arbitration clause, is a matter for the arbitrator's consideration. Accordingly, if the district court determines on remand that negotiations were ongoing[2], it should compel the Employer to arbitrate the question whether the Agreement's terms and conditions remained operative after impasse. We reject the Employer's argument that the exclusionary language in the arbitration clause renders unnecessary an interpretation of Article XV, Section 2. The exclusionary language speaks of disputes over "renewal"; the dispute here concerns "continuation" of the Agreement's terms

and conditions not for a fixed time but only during negotiations.

Concluding that a material issue of fact, whether negotiations continued through August 4, exists, we reverse the portion of the district court's order granting summary judgment. We vacate that portion of the order concluding that the dispute over the alleged violation of Article XV, Section 2 is arbitrable. If the district court determines on remand that negotiations continued through August 4, then it should compel arbitration of any remaining issues.

REVERSED AND REMANDED. No costs.

---

1. An "interest arbitration" clause requires that the parties agree to be bound by an arbitrator's decision regarding the terms and conditions of the successor agreement if the parties are unable to agree among themselves.

2. Resolution of the issue whether negotiations were ongoing will not require the district court to determine if impasse occurred. Negotiations on issues on which the parties were not deadlocked may have continued after impasse (if it did occur). It is for the NLRB to decide if the Employer was justified in declaring impasse.