103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STEELWORKERS OF AMERICA, Plaintiff-Appellant,
v.
SUPERIOR PACIFIC GALVANIZING COMPANY, Defendant-Appellee.
 No. 95-55880.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Nov. 19, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United Steelworkers of America (Union) appeals from the district court's judgment, following a bench trial, in favor of employer Superior Pacific Galvanizing Company (Superior Pacific). In its first amended complaint, the Union sought to compel arbitration of a grievance under a 1989-1992 collective bargaining agreement or, alternatively, under an alleged successor collective bargaining agreement. The district court denied the motion to compel arbitration. It determined the parties had not entered into a successor agreement and that the Union was equitably estopped from asserting that the 1989-1992 agreement was in effect at the time of Superior Pacific's alleged breach.
 
 
 3
 The Union no longer contends that Superior Pacific entered into a successor agreement. On appeal, the Union argues that the district court erred by not submitting to arbitration the question whether the 1989-1992 agreement had been terminated. Alternatively, the Union contends it is not equitably estopped from asserting that the 1989-1992 agreement remained in effect.
 
 
 4
 We have jurisdiction under 28 U.S.C. § 1291. We conclude the district court did not err by refusing to order arbitration on the termination issue. We need not address whether the district court correctly determined the Union was equitably estopped because we conclude the Union repudiated the 1989-1992 agreement.
 
 A. Arbitrability
 
 5
 We review de novo the district court's denial of a motion to compel arbitration. See United Food and Commercial Workers Union v. Geldin Meat Co., 13 F.3d 1365, 1368 (9th Cir.1994).
 
 
 6
 The language of a particular arbitration clause and the nature of the particular dispute over whether the agreement was terminated governs whether the dispute is arbitrable. See Northern Cal. Newspaper Guild v. Sacramento Union, 856 F.2d 1381, 1384 (9th Cir.1988). When an agreement provides for arbitration of disputes involving the "meaning" or "application" of the agreement, the parties are obligated to arbitrate only disputes which "involv[e] construction of the substantive provisions of the contract." Id. at 1383 (internal quotations and citation omitted).
 
 
 7
 In relevant part, the 1989-1992 agreement provides that disputes "as to the meaning and application of this Agreement" are arbitrable. The determination of whether the 1989-1992 agreement was terminated, and whether the defenses of equitable estoppel or repudiation apply, do not require an interpretation of any provision of the 1989-1992 agreement. Therefore, the district court did not err in denying the motion to compel arbitration.[1]
 
 B. The Merits
 
 8
 The district court determined that equitable estoppel prevented the Union from asserting that the 1989-1992 agreement remained in effect. We need not address the equitable estoppel argument because we conclude that the Union repudiated the 1989-1992 agreement and, thus, is estopped from asserting or has waived its argument that the agreement remained in effect. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (stating appellate court can affirm on any basis sufficiently developed in the record), cert. denied, 507 U.S. 1051 (1993).
 
 
 9
 The Union consistently argued a new agreement had succeeded the 1989-1992 agreement. In requesting that Superior Pacific respond to the grievance, in its proceeding before the NLRB, and initially before the district court, the Union's position was that a new agreement had superseded the 1989-1992 agreement. Not until November 1994, after the district court had denied the Union's motion to compel arbitration under its "new agreement" theory did the Union seek to amend its complaint to assert, as an alternative, that the 1989-1992 agreement remained in effect. By its conduct the Union repudiated the 1989-1992 agreement and is estopped from now asserting that it remained in effect. See California Trucking Ass'n v. Brotherhood of Teamsters, 679 F.2d 1275, 1283-84 (9th Cir.1981), cert. denied, 459 U.S. 970 (1982).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The present case is distinguishable from the cases cited by the Union. Operating Eng'rs v. Flair Builders, 406 U.S. 487 (1972); Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 v. Interstate Distrib. Co., 832 F.2d 507 (9th Cir.1987); Camping Constr. v. District Council, 915 F.2d 1333, 1339 (9th Cir.1990), cert. denied, 500 U.S. 905 (1991). In those cases, the arbitration clauses were substantially broader. Thus, the parties had agreed to arbitrate a wider range of disputes rather than limiting arbitration to disputes over the meaning of an agreement